**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LEWIS WILLIAM BURRAL, #260-590
Petitioner                                       :

v.                                               :     Civil Action No.  JFM-06-875

JON P. GALLEY, WARDEN, et al.    :
Respondents

. . . .o0o. . . .
**MEMORANDUM**

This matter is before the court on petitioner Lewis William Burral's pro se 28 U.S.C. § 2254 motion for habeas corpus relief, challenging his 1996 conviction in the Circuit Court for Washington County for second degree murder.  Counsel for Respondents Jon P. Galley, Warden of the Western Correctional Institution, and J. Joseph Curran, Jr. Attorney General of Maryland, by their counsel filed an answer asserting the petition is untimely.[1]

Upon review of the pleadings, the court finds no need for an evidentiary hearing.  *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.*  Upon review of petitioner's reply, the court concludes the petition is time-barred, and will dismiss it by separate Order.

**I. Background**

On March 15, 1996, a jury sitting in the Circuit Court for Washington County convicted petitioner of second degree murder.  The court sentenced him to thirty years imprisonment.  On November 26, 1997, the Court of Special Appeals of Maryland upheld the conviction in a reported

---

[1] Pursuant to *Hill v. Braxton*, 277 F. 3d 701, 707 (4th Cir. 2002), the court notified petitioner that the motion appeared to be time-barred and granted him an opportunity to explain why the petition was timely or principles of equitable tolling should apply.

opinion. *See Burral v. State*, 118 Md. App. 288 (1997). The decision was affirmed on February 12, 1999, by the Court of Appeals of Maryland in a reported opinion. *See Burral v State*, 352 Md. 707 (1999). The Supreme Court of the United States denied certiorari on October 4, 1999. [2] See Burral v. Maryland, 528 U.S. 832 (1999); Paper No. 4, Exhibit 4.

On June 5, 2002, petitioner filed for state post conviction relief in the Circuit Court for Washington County. Paper No. 4, Exhibit 1. At petitioner's request, the petition was withdrawn by order entered November 17, 2004. Paper No. 4, Exhibit 1. On March 7, 2005, petitioner filed a second petition for post conviction relief. See id. The post conviction court conducted a hearing on August 18, 2005. *See id.* By order entered on September 26, 2006, the circuit court denied the petition. *See id.* On December 23, 2005, the Court of Special Appeals of Maryland summarily denied petitioner's application for leave to appeal, and the mandate issued on January 30, 2006. Paper No. 4, Exhibit 5.

The instant petition, filed on April 4, 2006, is dated April 1, 2006. The court will assume for the purposes of this decision that it was delivered to prison officials and filed in this court on the earlier date. *See Houston v. Lack*, 487 U.S. 266 (1988).

**II  Analysis**

    A.  Period of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging non-capital

---

[2]  Respondents' answer incorrectly states certiorari was denied on October 14, 1999. Paper No. 1 at 3. This apparent typographical error does not change the outcome of the timeliness issue presented here.

state convictions. *See* 28 U.S.C. § 2244(d). [3] This one-year period is tolled while properly filed post conviction proceedings are pending and may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

In this case, the judgment became final on October 4, 1999, the date the Supreme Court denied certiorari review, and the one-year period of limitations at 28 U.S.C. § 2244(d) began to run on October 5, 1999. Under the facts presented here, there were no state post conviction proceedings

---

[3]   This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

pending: 1) October 5, 1999, through June 4, 2002 (nearly 32 months);  2) November 18, 2004, through March 6, 2005 (three months); and January 31, 2006, through March 31, 2006 (two months).  This period, approximately three years, far exceeds the one-year limitations period.  In fact, when petitioner first filed for state post conviction relief on June 5, 2002, the one-year period of limitations had already long expired.

B. Equitable Tolling

Equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances beyond his control stood in his way to prevent him from filing a timely petition.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Petitioner proffers the following arguments to demonstrate that equitable tolling is warranted. First, he contends that he was unable to obtain the trial transcripts and state court opinions needed to prepare his habeas petition. Petitioner asserts the trial court and his attorneys from the Public Defender's Office "hindered him" from obtaining copies of his transcripts and opinions.  Paper No. 5 at 4-5.  Second, he claims that counsel failed to notify him after the Supreme Court denied certiorari. *See id.* at 3.  Although the court is mindful that petitioner is a pro se litigant and has accorded his pleadings liberal interpretation in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972),  neither of these  arguments provides a basis for equitable tolling.[4]

---

[4] Petitioner also claims that respondents failed to provide him or this court with copies of all relevant records, state court opinions, and transcripts.  Paper No. 5 at 1-2.  Inasmuch

Petitioner's claim that he did not have access to his trial transcript does not constitute an "extraordinary circumstance beyond his control" to warrant tolling the limitation period. *See Rouse* 339 F.3d at 246.  Petitioner neither alleges, nor does the record suggest there was anything to prevent him from filing a timely habeas petition and then clarifying the petition once he the documents were obtained. *See Robinson v. Johnson*, 313 F.3d 128, 143 (3rd Cir. 2002). Thus, even if the court were to assume that petitioner did not have possession of all documents he considered necessary,[5]  he has failed to set forth "extraordinary circumstances" which prevented the filing of a timely habeas petition. See id. at 142-143 (petitioner's claim of deprivation of legal materials did not warrant equitable tolling);  *see also Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (delay in receipt of state court records does not warrant equitable tolling); *Lloyd,v. VanNatta*, 296 F.3d 630, 634 (7th Cir. 2002) ("equitable tolling does not excuse [a petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition"); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (delay in obtaining state court record not a basis for equitable tolling of one-year limitation period); *Little v. United States*, 184 F. Supp.2d 489, 493 (E.D.Va. 2002) (difficulty in obtaining transcripts not an extraordinary circumstance justifying equitable tolling).

Petitioner may not use his lack of familiarity with the law to justify equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).  To the extent petitioner argues that he is

---

as respondents' answer was limited to the issue of timeliness, the appropriate exhibits were provided to both the court and to petitioner.  Paper No. 4 at 5 (Certificate of Service).

    [5]     Petitioner does not state why he considered obtaining these records a prerequisite to filing for habeas relief, or specify which portions were need to prepare his petition.  Given that petitioner attended his own trial and that three of the four claims in the § 2254 petition address alleged error by the trial court or trial defense counsel, it is unclear why he would be unable to generally present his claims without first obtaining these records.

entitled to equitable tolling because he received allegedly ineffective assistance from appellate counsel who did not advise him about procedural issues in habeas, his argument is unpersuasive. Petitioner had no legal right to counsel for his state habeas petition or his federal habeas petition. "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). There is no constitutional right to an attorney in any other state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 755-57 (1991) (no right to counsel on appeal from state habeas trial court judgment); *Finley*, 481 U.S. at 556 (no right to counsel in state collateral proceedings after exhaustion of direct appellate review); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Petitioner waited well over two years after his judgment became final under 28 U.S.C. § 2244(d) before he filed his first petition for state post conviction relief. Consequently, the period of limitations had already expired for filing this 28 U.S.C. § 2254 motion. Petitioner has failed to show that he exercised reasonable diligence or that he was prevented from bring his claims in a timely manner. In sum, Petitioner has failed to satisfy his burden to demonstrate that equitable tolling is warranted or the petition is otherwise timely.

### III. Conclusion

The court will dismiss the petition as untimely. A separate order consistent with this

memorandum follows

<u>June 12, 2006</u>                               <u>/s/                                   </u>
Date                                        J. Frederick Motz
                                            United States District Judge